THE E. S. GAHAGEN CO. *v.* SMITH.

(Decided February 19, 1934.)

*Mr. Edward Lee Meyer* and *Mr. August Rendigs, Jr.*, for plaintiff in error.

*Mr. J. G. Williams* and *Mr. Mitchell Wilby*, for defendant in error.

Ross, J.  Error is here prosecuted to the judgment of the Court of Common Pleas of Hamilton county, in which court judgment was entered for the plaintiff, Harry Smith, upon a general verdict rendered in his favor.

The action was based upon injuries received by Smith when struck by an automobile owned by The E. S. Gahagen Company, the plaintiff in error, and driven by one of its employees. The defense was a general denial.

The evidence showed that the driver of the automobile was employed by the plaintiff in error as a salesman of old and new cars upon a salary and commission basis; that it was his duty to report at the salesrooms of the plaintiff in error at 8:30 a. m. each day;

that thereafter the salesman was permitted to exercise his own judgment as to where he would approach prospective customers; and that he could go and come as he chose. It was further shown that he was entitled to one hour during the middle of the day for lunch; that during this period he was permitted to go where he chose for his lunch; that upon the day when the injuries were suffered by defendant in error the salesman chose to go to his home for his lunch; that the plaintiff in error furnished him an automobile for this purpose, and that the automobile was the property of the plaintiff in error. There is some doubt as to whether it was an old or new car. An officer of the plaintiff in error company stated that it was a new automobile. The salesman drove the car to his home, ate his lunch, and upon his way back struck and injured the defendant in error. The salesman, it was shown, was returning to the salesroom to secure an automobile to demonstrate to a customer.

It is claimed by plaintiff in error that upon such evidence the court should have instructed a verdict for plaintiff in error, there being no evidence that at the time the injuries were inflicted upon defendant in error the salesman was acting for his master and within the scope of his employment.

Let us suppose that the plaintiff in error, in order to expedite the return of the salesman, had provided an automobile and a driver who took the salesman to his home, either waited or called for him, and returned him in a vehicle owned by plaintiff in error to the salesroom, and that the injuries occurred on the way back to the salesroom. Could there be the slightest doubt that the plaintiff in error would then be liable for the negligence of its employee, the driver of the vehicle owned by it?

Where an employee under instructions from the master had taken fellow employees to their homes after work, liability was sustained against the employer

for injuries negligently inflicted by the employee while on his way home with the vehicle after the performance of such duty. *Silent Automatic Sales Corp.* v. *Stayton,* 45 F. (2d), 471.

What difference in principle is there between a case where the master sends a servant to drive the employee home and a case where he permits the employee to drive himself to his home and bring himself back from his home? The employee is acting in a dual capacity in one case, it is true, but this cannot affect the rule of responsibility.

When the salesman started on his return trip to the salesroom to get a car to demonstrate for the plaintiff in error, he was driving an employee of the master back to his employment, just as much so as if there were a fellow employee with him, whom he had conveyed to his home and was bringing back to work.

One of my associates feels that it having been shown that after his return to the salesroom the salesman was to secure a demonstrator and immediately go to a customer is in itself controlling as indicating the continuing status of business for and on behalf of the master. In any event the trial court committed no error in refusing the motion for an instructed verdict, and there is no error in the record prejudicial to the plaintiff in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.